GRAHAM M. CRIDLAND, ESQ., SB# 243646
gcridland@ericksenarbuthnot.com
COREY E. KRUEGER, ESQ., SB# 244989
ckrueger@ericksenarbuthnot.com
ERICKSEN ARBUTHNOT
835 Wilshire Blvd., Suite 500
Los Angeles, CA 90017-2603
(213) 489-4411 / (213) 489-4332 Fax

Attorneys for Defendants LIBERTY RESIDENTIAL SERVICES, INC. AND LIBERT HEALTHCARE CORPORATION

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALI AMAYA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY RESIDENTIAL SERVICES, INC., a Pennsylvania corporation; LIBERTY HEALTHCARE CORPORATION, an unknown entity; and DOES 1 – 100, inclusive,<br><br>Defendants. | CASE NO: '22CV0859 BEN MDD<br><br>(37-2022-00014913-CU-OE-CTL SUPERIOR COURT, SAN DIEGO COUNTY)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY**<br><br>Action Filed: April 21, 2022<br><br>Judge:<br>Magistrate Judge:<br><br>Trial Date: None Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants LIBERTY RESIDENTIAL SERVICES, INC. and LIBERTY HEALTHCARE CORPORATION hereby remove to this Court the state court action described below:

1. On April 21, 2022, an action was commenced in the Superior Court of the State of California in and for the County of San Diego entitled

1  *Natali Amaya, individually, and on behalf of other members of the general
2  public similarly situated v. Liberty Residential Services, Inc., a Pennsylvania
3  corporation; Liberty Healthcare Corporation, an unknown business entity;
4  and Does 1 through 100, inclusive* (San Diego Superior Court case number
5  37-2022-0014913-CU-OE-CTL).  A copy of the Complaint is attached
6  hereto as Exhibit A.  A copy of the online docket is attached hereto as
7  Exhibit B.

8  2. Defendants were each served less than thirty (30) days before
9  this Notice of Removal is filed.

10  3. This is a civil action of which this Court has original
11  jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to
12  this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b),
13  in that it is a civil action between citizens of different states and the amount
14  in controversy exceeds the sum of $75,000.00, exclusive of interest and
15  costs.

16  a. Plaintiff alleges that defendants violated California Labor
17  Code §§ 510 and 1198 by failing to pay overtime.  *See* Complaint, first
18  cause of action, starting on page 11.

19  b. Plaintiff alleges that defendants violated California Labor
20  Code §§ 226.7 and 512(a) by failing to pay meal period premiums.  *See*
21  Complaint, second cause of action, starting on page 12.  Such premiums
22  amount to "one additional hour of pay at the employee's regular rate of
23  compensation for each workday that the meal … period is not provided".
24  *See* Labor Code § 226.7(c).

25  c. Plaintiff alleges that defendants violated California Labor
26  Code § 226.7 by failing to pay rest period premiums.  *See* Complaint, third
27  cause of action, starting on page 14.  Such premiums amount to "one
28  additional hour of pay at the employee's regular rate of compensation for

each workday that the … rest … period is not provided". *See* Labor Code § 226.7(c).

      d.      Plaintiff alleges that defendants violated California Labor Code §§ 1194, 1197, and 1197.1 by failing to pay minimum wage. *See* Complaint, fourth cause of action, starting on page 15. Employees proving a violation may recover "the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. *See* Labor Code § 1194(a). Additionally, for an "initial violation that is intentionally committed, there is a penalty of $100.00 for each underpaid employee for each pay period of underpayment, followed by a penalty of $250.00 for each underpaid employee for each pay period of underpayment thereafter. *See* Labor Code § 1197.1(a)(1)-(2).

      e.      Plaintiff alleges that defendants violated California Labor Code §§ 201 and 202 by failing to timely pay final wages. *See* Complaint, fifth cause of action, starting on page 16. Such violations, if proven, result in the employee's wages "continu[ing] as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *See* Labor Code § 203(a).

      f.      Plaintiff alleges that defendants violated California Labor Code § 204 by failing to timely page wages during employment. *See* Complaint, sixth cause of action, starting on page 17. Such violations, if proven, result in a penalty of $100.00 for any initial violation (or $200.00 for any willful or intentional violation), followed by a penalty of $200.00 for each subsequent violation, plus 25% of the amount unlawfully withheld. *See* Labor Code § 210(a).

      g.      Plaintiff alleges that defendants violated California Labor Code § 226(a) by failing to provide compliant wage statements. *See*

Complaint, seventh cause of action, starting on page 18. Such violations, if proven, can result in penalties of $50.00 for the initial pay period in which a violation occurs (per employee), followed by a penalty of $100.00 for each subsequent pay period in which a violation occurs (per employee), not to exceed an aggregate penalty of $4,000.00 (per employee); attorney's fees and costs may also be recoverable. *See* Labor Code § 226(e)(1).

  h. Plaintiff alleges that defendants violated California Labor Code § 1174(d) by failing to keep required payroll records. *See* Complaint, eighth cause of action, starting on page 19.

  i. Plaintiff alleges that defendants violated California Labor Code §§ 2800 and 2802 by failing to reimburse business expenses. *See* Complaint, ninth cause of action, starting on page 20.

  j. Plaintiff alleges that defendants violated California Business and Professions Code §§ 17200, *et seq.* by engaging in unfair business practices. *See* Complaint, tenth cause of action, starting on page 21.

  k. Plaintiff seeks class certification for "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment who reside in California." *See* Complaint, ¶ 14.

  l. Plaintiff seeks attorney's fees in this matter. *See* Complaint, prayers for relief nos. 8, 15, 27, 51, and 56.

  m. Under Lowdermilk v. United States Banks Nat'l Ass'n, 479 F. 3d 994, 1000 (9th Cir. 2007), in determining amount in controversy, attorney's fees may be included, provided that an underlying statute authorizes an award of attorney's fees.

  n. Under Snider v. Stimson Lumber Co., 914 F. Supp. 388,

389 (E.D. Cal. 1996), where the plaintiffs have joined together to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

    o.    Defendants believe the class size and alleged violations, inclusive of anticipated attorney's fees, will certainly satisfy the $75,000.01 amount in controversy requirement.

4.    Additionally, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil class action in which any plaintiff is a citizen of a State different from any defendant and the amount in controversy exceeds $5,000,000.00 in the aggregate, exclusive of interest and costs.  (Defendants incorporate again here by reference sub-paragraphs 3a through 3n.

5.    Diversity of citizenship exists in that plaintiff is a resident of California (*see* Complaint, ¶ 5), while defendants are both incorporated in the Commonwealth of Pennsylvania and maintain their principal place of business there.

DATED: June 10, 2022

                    ERICKSEN ARBUTHNOT

By: /s/ Corey E. Krueger
GRAHAM M. CRIDLAND, ESQ.
COREY E. KRUEGER, ESQ.
Attorneys for Defendants,
LIBERTY RESIDENTIAL SERVICES, INC. AND LIBERTY HEALTHCARE CORPORATION